2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERTO LOZANO | * | CIVIL ACTION NO. B-00-068 |
| | * | (Related Case) |
| | * | |
| VS. | * | BANKRUPTCY NO. 96-24360-B-11 |
| | * | |
| | * | BANKRUPTCY APPEAL NO. 01-13 |
| | * | |
| TREASURE HILLS INVESTMENTS N.V. | * | CIVIL ACTION NO. B-01-145 |

APPELLEES' MOTION FOR DISMISSAL
OF APPEAL TO DISTRICT COURT AND APPELLEES'
RESPONSE IN OPPOSITION TO APPELLANT'S MOTION
REQUESTING EXTENSION OF TIME TO DESIGNATE
RECORD AND FOR EXTENSION OF TIME TO FILE BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Appellees, Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke,

individually and as a partner of Long, Chilton, Payte, and Hardin, L.L.P. (herein collectively

called "Appellees" and/or "Movants"), hereby move this Court, pursuant to *Fed.R.Bankr.P.*

*8001 et seq.* and relevant case law, to dismiss this appeal (purported appeal) because of

Appellant's failure to file his notice of appeal in a timely manner, and for Appellant's other

failures shown herein, and Appellees hereby also respond in opposition to Appellant's

Motion Requesting Extension of Time to Designate Record and for Extension of Time to

File Brief, and in support of this motion and response, Appellees would respectfully show

unto the Court the following:

1.    As appears from the certified copy of the docket of the Corpus Christi

Bankruptcy Court filed herein on August 28, 2001, Appellant filed his Notice of Appeal in the Bankruptcy Court on **July 2, 2001**, purporting to appeal from that certain Order Denying Motion For New Trial And To Alter And Amend Judgment signed by the Honorable Richard S. Schmidt, Chief United States Bankruptcy Judge, on May 25, 2001, and entered on May 31, 2001. See also Notice of Appeal of Bankruptcy Order by Roberto Lozano filed herein on August 28, 2001. This appeal was docketed in this Court on August 28, 2001.

2. Under the provisions of *Fed.R.Bankr.P. 8002(a)* Roberto Lozano (herein called "Appellant" and/or "Lozano"), was required to file his Notice of Appeal on or before June 10, 2001 (being a Sunday; thus, **June 11, 2001**), such date being 10 days from the date of the entry of the order appealed from. Appellant's Notice of Appeal was untimely.

3. Appellant made no motion for an extension of time for filing his Notice of Appeal, and more importantly, no order granting an extension of time was ever signed and/or entered by the Bankruptcy Judge, as required by *Fed.R.Bankr.P. 8002(c)*.

4. *Fed.R.Bankr.P. 8002(a)* provides, in relevant part, as follows:

> "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

Further, *Fed.R.Bankr.P. 8002(c)(2)* provides, in relevant part, as follows:

> "(2) a request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of

2

> appeal has expired, except that
> such a motion filed not later than
> 20 days after the expiration of the
> time for filing a notice of appeal
> may be granted upon a showing of
> excusable neglect..."

Still further, *Fed.R.Bankr.P. 9022(a)* provides, in relevant part, as follows:

> "...Lack of notice of the entry does
> not affect the time to appeal or
> relieve or authorize the court to
> relieve a party for failure to appeal
> within the time allowed, except as
> permitted in Rule 8002."

    5.     By virtue of Appellant's failure to file his Notice of Appeal in a timely

manner, the order appealed from became final and this Court is without jurisdiction to hear

this appeal.

    6.     By Order signed on December 13, 2000, and entered on December 22,

2000, the Bankruptcy Court signed and entered an Order On Motion To Enforce Order

Confirming Debtor's Liquidating Plan, which Order found and held, in part, as follows:

> "On December 6, 1999, this Court
> entered its Order Confirming
> Debtor's Liquidating Plan of
> Reorganization and Approving
> Certain Modifications Thereto (the
> "Confirmation Order"). An
> Agreement Incident to Distribution
> of Sale Proceeds (the "Agreement")
> was made part of the Confirmation
> Order. The Agreement states that it
> is a 'universal settlement' which

3

shall end all disputes between the parties and all litigation between the parties with prejudice." Provision is made in the Agreement for payment of the claim of Long, Chilton, Payte, and Hardin, L.L.P., in which Long, Chilton, Payte, and Hardin, L.L.P. agreed to a reduction of their unsecured claim as consideration for the settlement agreement. The Agreement was signed by attorneys for both Robert Lozano and Long, Chilton, Payte, and Hardin L.L.P. The Agreement further provided that "[t]his plan includes the execution of mutual releases by and against all parties and creditors from any future litigation by all parties to this agreement."

Robert Lozano did not appeal the Confirmation Order and it is now a final order and the law of this case. On May 17, 2000, Robert Lozano filed a lawsuit in the United States District Court alleging malpractice against Long, Chilton, Payte, and Hardin, L.L.P. and against Wayne Beneke, individually and as partner of Long, Chilton, Payte, and Hardin L.L.P. The issue before the Court is whether the Confirmation Order and the settlement agreement made a part thereof include the causes of action alleged by Robert Lozano in the United States District Court, thereby barring re-litigation under the principal of *res judicata*.

4

The Court finds that the Agreement is sufficiently broad to cover the causes of action alleged by Robert Lozano in his case pending in United States District Court. The Agreement is not ambiguous. Long, Chilton, Payte, and Hardin L.L.P., gave valuable consideration in exchange for their release, by reducing the amount of their unsecured claim. Wayne Beneke, as a partner of Long, Chilton, Payte, and Hardin L.L.P., is in privity with the firm and therefore the Agreement applies to him as well... No reservation of any causes of action in favor of Robert Lozano are contained in either the Liquidation Plan of Reorganization, the Confirmation Order, or the Agreement..."

For the reasons stated above, the Court finds that the Confirmation Order included a release of Robert Lozano's claim against Long, Chilton, Payte, and Hardin L.L.P., and Wayne Beneke, individually and as partner of Long, Chilton, Payte, and Hardin L.L.P. However, because Robert Lozano's case is pending before the United States District Court, this Court does not have jurisdiction to order dismissal of the case. Only the District Court can dismiss its own case.

> It is therefore ORDERED that the
> Motion to Enforce Order
> Confirming Debtor's Liquidating
> Plan filed by Long, Chilton, Payte,
> and Hardin, L.L.P., and Wayne
> Beneke, individually and as a
> partner of Long, Chilton, Payte,
> and Hardin L.L.P., is granted to the
> extent that the Court finds that its
> prior Confirmation Order released
> the claims of Robert Lozano
> against Long, Chilton, Payte, and
> Hardin L.L.P., and Wayne Beneke,
> individually and as a partner of
> Long, Chilton, Payte, and Hardin
> L.L.P...."

A true and correct copy of the Order On Motion To Enforce Order Confirming

Debtor's Liquidating Plan is marked **Exhibit 1**, attached hereto, and made a part hereof.

7.      On December 29, 2000, Lozano filed his Motion For New Trial And

To Alter And Amend Judgment (the Order On Motion To Enforce Order Confirming

Debtor's Liquidating Plan – **Exhibit 1**).

8.      By Order signed on May 25, 2001, by the Honorable Richard S.

Schmidt, Chief United States Bankruptcy Judge, and entered on May 31, 2001, the

Bankruptcy Court denied Lozano's Motion For New Trial And To Alter And Amend

Judgment.  A true and correct copy of the Order Denying Motion For New Trial And To

Alter And Amend Judgment is attached hereto, marked **Exhibit 2**, and made a part hereof.

9.      It was not until **July 2, 2001,** that Lozano filed his untimely Notice of

Appeal.  A true and correct copy of Lozano's Notice Of Appeal is attached hereto, marked **Exhibit 3**, and made a part hereof.

10.    A request for extension of time to file a notice of appeal may not be considered the equivalent of filing such a notice; and conversely, the late filing of a notice of appeal may not be treated as a request for an extension of time.

A late notice of appeal cannot be construed as a motion for extension of time due to excusable neglect.  *In Re Williams, 216 F.3d 1295, 1297-98 (11th Cir. 2000).* In *Williams*, Williams filed no motion with the bankruptcy court requesting an extension of the time for filing a notice of appeal; he simply filed a notice of appeal 17 days after the entry of the Bankruptcy Court's order.  The *William* court stated that by its terms, *Rule 8002(c)(2)* requires that a *motion* for extension of time be filed.  Further, the court held it could not construe Williams' late notice of appeal as a motion for extension of time due to excusable neglect.  *Id. at 1297-98.*  See also *In Re Longardner & Associates, Inc., 855 F.2d 455, 464 (7th Cir. 1988)* (following Rule 9022(a) strictly and holding that creditor's failure to receive notice of entry of order confirming reorganization plan was not alone sufficient grounds for extending the time to appeal that order beyond the constraints of *Rule 8002(c));* and see *In Re Williams, 216 F.3d at 1297, n. 4.*

Even if Appellant's late notice of appeal could be considered a motion for extension of time (which is denied), it was fatally defective and insufficient as a matter of law, in that the failure to receive notice of the entry of an order is not alone sufficient

7

grounds for extending the time to appeal. *In Re Longardner, 855 F.2d at 464.*

Absent a *formal* request for an extension of time within which to file a late notice of appeal and justification for failure to seek such extension, a notice of appeal could not be considered to be a motion for extension of time. *In Re Ferron, 35 B.R. 404, 405 (U.S.D.C., D. Nevada 1983).*

Where a transferee did not file a motion for extension of time within the original 10-day period for filing notice of appeal and did not file a motion for extension on grounds of excusable neglect within the 20 days after the first 10-day period, the transferee's failure to timely file a notice of appeal from a Bankruptcy Court order was a jurisdictional defect that deprived the district court of appellate jurisdiction. See *In Re Herwit, 970 F.2d 709, 710 (10th Cir. 1992).* In *Herwit*, Ms. Deyhimy's notice of appeal was filed one day late. Her failure to file a timely notice of appeal was a jurisdictional defect barring appellate review by the district court. *Id. at 710.* The Bankruptcy Court may extend the time for an appeal only as permitted by *Rule 8002(c)*. *Id. at 710.*

Generally, courts refuse to treat a late notice of appeal as a motion for extension of time to file a notice of appeal. *Beiwel v. Sallie Mae Servicing, 2001 WL 753778 (Bankr.N.D. Iowa, 2001).* A notice of appeal itself is not a request for extension which must be made by motion. A motion for extension is needed above and beyond the late filed notice of appeal. *Id.* A copy of the *Beiwel* opinion is attached hereto, marked **Exhibit 4**. In *Beiwel*, the court declined to interpret the notice of appeal as a motion for extension of time

8

to appeal under *Rule 8002(c)(2)*. The court stated that even if it did, the court concludes the debtor had failed to demonstrate his failure to file a timely notice of appeal was the result of excusable neglect. *Id*. The same is true here.

There is only one way to obtain an extension of time, and that is to file a motion above and beyond the notice of appeal. That being so, a court may no longer deem a late filed notice of appeal to be an application for an extension of time to file that notice of appeal. *In Re Macy & Co., Inc., 173 B.R. 301 (U.S.D.C., S.D.N.Y. 1994). A* copy of the *In Re Macy & Co., Inc*. opinion is attached hereto, marked **Exhibit 5**.

*Fed.R.Bankr.P. 9022(a)* states expressly that "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed..." Courts have strictly enforced this rule, holding that parties must monitor the dockets to inform themselves of the entry of orders they wish to appeal. See *In Re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990)*. Here, Lozano had a duty to monitor the Bankruptcy Court's docket, but admittedly did not do so.

Lozano's notice of appeal was untimely, and cannot be considered a motion for extension. Moreover, even if so considered, it was fatally defective because lack of notice, standing alone, is not a sufficient showing of excusable neglect.

Still further, the Bankruptcy Court did not sign nor enter an order granting an extension of time to late file a notice of appeal. The time period for such a motion has long since passed.

The timely filing of a notice of appeal is mandatory and jurisdictional. This Court lacks jurisdiction of Lozano's purported appeal, and the appeal should be dismissed.

10.     For the foregoing reasons, Appellant's motion requesting an extension of time to designate the record and for an extension of time to file brief should be denied or regarded as moot.

11.     The Affidavit of Richard J. Reynolds, III, is attached hereto, marked **Exhibit 6,** and made a part hereof.

12.     This Court is without jurisdiction to hear this appeal, and it should be dismissed.

Dated: /8 day of September, 2001.

                              Respectfully submitted,

                              THORNTON, SUMMERS, BIECHLIN,
                                DUNHAM & BROWN, L.C.
                              Airport Center - Suite 300
                              10100 Reunion Place
                              San Antonio, TX 78216
                              Telephone: (210) 342-5555
                              Telecopier: (210) 525-0666


                              By: _____
                                  Richard J. Reynolds, III
                                  State Bar No. 16803800

                                  Edward C. Mainz, Jr.
                                  State Bar No. 12850000

                              ATTORNEYS FOR APPELLEES/MOVANTS,
                              WAYNE BENEKE and LONG, CHILTON,
                              PAYTE, and HARDIN L.L.P.

# CERTIFICATE OF CONFERENCE

☐ Counsel for Appellees/Movants has conferred with counsel for Appellant Roberto Lozano, and Appellant is opposed to this Motion.

☐ Counsel for Appellees/Movants has conferred with counsel for Appellant Roberto Lozano, and Appellant is unopposed to this Motion.

☑ Counsel for Appellees/Movants has made a good faith effort to contact Appellant's counsel, but has been unable to do so. Counsel has thus been unable to determine whether Appellant opposes this Motion. Therefore, this Motion is presented to the Court for determination.

RICHARD J. REYNOLDS, III

# CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Motion and Response has been properly delivered to Appellant's counsel of record on the 18th day of September, 2001, as follows:

Mr. Demetrio Duarte, Jr.
Duarte & Pedraza, P.C.
2200 Warner
San Antonio, Texas 78201 (CM./RRR #7000 1530 0004 0792 8770)

Mr. Heriberto "Eddie" Medrano
1101 West Tyler St.
Harlingen, Texas 78550 (CM/RRR #7000 1530 0004 0792 8787)

Attorneys for Appellant Roberto Lozano

RICHARD J. REYNOLDS, III

RECEIVED

DEC 27 2000

3212 128629

12/13/00

United States Bankruptcy Court
Southern District of Texas
ENTERED

DEC 22 2000

_S. Morris_

_____, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

In re:                                    §
                                          §
**TREASURE HILLS INVESTMENTS NV**         §     Case No. 96-24360-B-11
                                          §
Debtor                                    §
                                          §
                                          §

## ORDER ON MOTION TO ENFORCE ORDER CONFIRMING
## DEBTOR'S LIQUIDATING PLAN

On this day it came on for consideration the Motion to Enforce Order Confirming

Debtor's Liquidating Plan, filed by Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke,

individually and as a partner of Long, Chilton, Payte, and Hardin, L.L.P., and the Counter

Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Robert Lozano. The

Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on

file herein, finds as follows:

On December 6, 1999, this Court entered its Order Confirming Debtor's Liquidating Plan

of Reorganization and approving Certain Modifications Thereto (the "Confirmation Order"). An

Agreement Incident to Distribution of Sale Proceeds (the "Agreement") was made part of the

Confirmation Order. The Agreement states that it is a "'universal settlement' which shall end all

disputes between the parties and all litigation between the parties with prejudice." Provision is

made in the Agreement for payment of the claim of Long, Chilton, Payte, and Hardin, L.L.P., in

which Long, Chilton, Payte, and Hardin, L.L.P. agreed to a reduction of their unsecured claim as

consideration for the settlement agreement. The Agreement was signed by attorneys for both

Robert Lozano and Long, Chilton, Payte, and Hardin, L.L.P. The Agreement further provided

that "[t]his plan includes the execution of mutual releases by and against all parties and creditors

**EXHIBIT**

**1**

461

from any future litigation by all parties to this agreement."

Robert Lozano did not appeal the Confirmation Order and it is now a final order and the law of this case. On May 17, 2000, Robert Lozano filed a lawsuit in the United States District Court alleging malpractice against Long, Chilton, Payte, and Hardin, L.L.P. and against Wayne Beneke, individually and as partner of Long, Chilton, Payte, and Hardin, L.L.P. The issue before the Court is whether the Confirmation Order and the settlement agreement made a part thereof include the causes of action alleged by Robert Lozano in United States District Court, thereby barring re-litigation under the principal of *res judicata*.

The Court finds that the Agreement is sufficiently broad to cover the causes of action alleged by Robert Lozano in his case pending in United States District Court. The Agreement is not ambiguous. Long, Chilton, Payte and Hardin, L.L.P., gave valuable consideration in exchange for their release, by reducing the amount of their unsecured claim. Wayne Beneke, as a partner of Long, Chilton, Payte, and Hardin, L.L.P., is in privity with the firm and therefore the Agreement applies to him as well. *See, Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869-70 (5th Cir. 1984). No reservation of any causes of action in favor of Robert Lozano are contained in either the Liquidation Plan of Reorganization, the Confirmation Order, or the Agreement. The oral statements cited by counsel for Robert Lozano, do not specifically identify Wayne Beneke or Long, Chilton, Payte, and Hardin, L.L.P., as parties against whom Robert Lozano attempted to preserve his right to sue.

The Confirmation Order meets the test for claim preclusion set out in *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994), cert. den. 513 U.S. 1155 (1995), which requires that:

1. The parties in the instant action must be the same as or in privity with the parties in the prior action in question;

2. The court that rendered the prior judgment must have been a court of competent jurisdiction;

3. The prior action must have terminated with a final judgment on the merits; and

4. The same claim or cause of action must be involved in both suits.

- - 24 F.3d at 746; *see also, In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000); *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999); *U.S. v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994).

For the reasons stated above, the Court finds that the Confirmation Order included a release of Robert Lozano's claims against Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke, individually and as partner of Long, Chilton, Payte and Hardin, L.L.P. However, because Robert Lozano's case is pending before the United States District Court, this Court does not have jurisdiction to order dismissal of the case. Only the District Court can dismiss its own case.

It is therefore ORDERED that the Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Long, Chilton, Payte and Hardin, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P., is granted to the extent that the Court finds that its prior Confirmation Order released the claims of Robert Lozano against Long, Chilton, Payte, and Harding, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P.

At Corpus Christi, Texas this 13th day of December, 2000.

RICHARD S. SCHMIDT
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED

MAY 31 2001

Michael N. Milby, Clerk of Court

In re:                                      §
                                            §
TREASURE HILLS INVESTMENTS NV               §          Case No. 96-24360-B-11
                                            §
         Debtor                             §
                                            §

## ORDER DENYING MOTION FOR NEW TRIAL
## AND TO ALTER AND AMEND JUDGMENT

On this day it came on for consideration the Motion for New Trial and to Alter and

Amend Judgment, filed by Robert Lozano Lozano. The Court, having heard the arguments of

counsel, and having reviewed the pleadings and briefs on file herein, finds that the Motion should

be denied.

It is therefore ORDERED that the Motion for New Trial and to Alter and Amend

Judgment is hereby DENIED.

At Corpus Christi, Texas this 25th day of May, 2001.

RICHARD S. SCHMIDT
Chief United States Bankruptcy Judge

EXHIBIT
2

486

EXHIBIT 1

United States District Court
Southern District of Texas
FILED

JUL - 2 2001

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:                                          *
                                                *
TREASURE HILLS INVESTMENTS NV   *        CASE NO. 96-24360-B-11
                                                *
         DEBTOR                         *        01-13

### NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Petitioner Roberto Lozano, by and through his attorneys Heriberto Medrano and Demetrio Duarte, Jr., and file this Notice of Appeal of the Order Denying Motion For New Trial And To Alter And Amend Judgment **Exhibit 1**, pursuant to Rule 8001 et. seq. Of the Bankruptcy Code and would state the following in support thereof:

Although the Order was signed by the Court on May 31, 2001, Petitioner's attorney did not receive notice or a copy of same until June 22, 2001. See Affidavit, **Exhibit 2**.

Wherefore, premises considered, Petitioner gives this Honorable Court Notice of Appeal of it's Order as stated on **Exhibit 1**, to the United States District Court for the Southern District of Texas, Brownsville Division, and asks the Bankruptcy Clerk to forward this matter to the U.S. District Clerk's Office for the Southern District of Texas, at Brownsville, Texas for docketing and entry.

**EXHIBIT**
**3**

48:

Respectfully submitted,

Law Offices of
Heriberto 'Eddie' Medrano
1101 West Tyler
Harlingen, Texas 78550
Tel.    (956) 428-2412
Fax    (956) 428-2495

_____
Heriberto 'Eddie' Medrano
State Bar No. 13897800
Federal Bar No. 5952

## CERTIFICATE OF SERVICE

I, Heriberto 'Eddie' Medrano, hereby certify that a true and correct copy of

the above and foregoing *Notice of Appeal* was on this 29th day of June, 2001

forwarded via certified mail to the following:

Richard J. Reynolds, III                    **CMRRR # 7000 0520 0021 0459 6746**
**THORNTON, SUMMERS, BIECHLIN,**
    **DUNHAM & BROWN, L.C.**
Airport Center – Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186

_____
HERIBERTO 'EDDIE' MEDRANO

United States Bankruptcy Court
Southern District of Texas
ENTERED

MAY 3 1 2001

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

In re:                                    §
                                          §
TREASURE HILLS INVESTMENTS NV             §        Case No. 96-24360-B-11
                                          §
         Debtor                           §
                                          §

## ORDER DENYING MOTION FOR NEW TRIAL
## AND TO ALTER AND AMEND JUDGMENT

On this day it came on for consideration the Motion for New Trial and to Alter and Amend Judgment, filed by Robert Lozano Lozano. The Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the Motion should be denied.

It is therefore ORDERED that the Motion for New Trial and to Alter and Amend Judgment is hereby DENIED.

At Corpus Christi, Texas this 25th day of May, 2001.

RICHARD S. SCHMIDT
Chief United States Bankruptcy Judge

EXHIBIT 1

Case 1:01-cv-00145   Document 2   Filed in TXSD on 09/20/2001   Page 20 of 28

STATE OF TEXAS

COUNTY OF BEXAR

## AFFIDAVIT

Before me, the undersigned authority personally appeared Demetrio

Duarte, Jr., a person well known to me and upon his oath stated and deposed as

follows.

1.      "My name is Demetrio Duarte, Jr. I am over 21 years of age, have
        never been charged with any felony, and I am fully competent to
        execute this affidavit. The facts stated herein are within my
        personal knowledge and are true and correct to the best of my
        ability.

2.      "I am the attorney for Petitioner, Roberto Lozano. On or about
        June 22, 2001, I received via U.S. Mail a copy of the Order Denying
        Motion for New Trial and to Alter and Amend Judgment from the
        U.S. Bankruptcy Court.

3.      "I never received a copy of this Order via facsimile from the
        Bankruptcy Clerk's Office or from any other source.

4.      "Further, affiant sayeth, not."

DEMETRIO DUARTE, JR.

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned authority

on this ___ day of June, 2001.

RHONDA R. TERRAZAS
MY COMMISSION EXPIRES
September 8, 2003

Notary Public in and for
State of Texas

TOTAL P.02

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:                                    *
                                          *
TREASURE HILLS INVESTMENTS NV *     Case No. 96-24360-B-11
                                          *
DEBTOR                              *
                                          *

## ORDER

ON THIS DAY, came for review Petitioner Roberto Lozano's Notice of

Appeal of this Court's Order dated May 31, 2001 and after due consideration it is

hereby Ordered that said Notice of Appeal is granted and the Clerk of the Court

is instructed to forward all documents pertaining to same for docketing and entry

to the United States District Court for the Southern District of Texas, Brownsville

Division.

SIGNED AND ENTERED, this ___ day of June, 2001.


_____
U. S. Bankruptcy Judge

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

2001 WL 753778
**(Cite as: 2001 WL 753778 (Bankr.N.D.Iowa))**

Only the Westlaw citation is currently available.

United States Bankruptcy Court, N.D. Iowa.

Erik T. BEIWEL, Debtor(s).
Erik T. BEIWEL, Plaintiff(s),
v.
SALLIE MAE SERVICING and Oklahoma State
Regents, Defendant(s).

No. 00-00112-W.

June 12, 2001.

ORDER RE MOTION TO DISMISS APPEAL

KILBURG.

*1 This matter came before the undersigned on May 25, 2001 to determine the timeliness of Debtor's Notice of Appeal. Debtor/Plaintiff Erik T. Beiwel appeared pro se. Attorney David Harting appeared for Defendants Sallie Mae Servicing Corp. and Oklahoma State Regents for Higher Education. After hearing arguments of the parties, the Court took the matter under advisement.

### STATEMENT OF THE CASE

On April 18, 2001, this Court entered an "Order re Complaint to Determine Dischargeability" making a final disposition in this case. The Court found that Debtor failed to prove his student loan obligations owed to Defendants should be discharged under § 523(a)(8) as imposing an undue hardship on Debtor. On May 11, 2001, Debtor, pro se, filed a Notice of Appeal of this Order. The Court sua sponte set a hearing regarding the timeliness of the appeal. Defendants filed a Motion to Dismiss Plaintiff's Appeal as Untimely on May 18, 2001.

Debtor asserts he followed the protocol for filing his notice of appeal to the best of his ability. He claims he had no direction from his attorney and assumed he had 30 days to appeal. When he learned differently, he states he immediately filed a notice of appeal. He alleges inability to pay for attorney representation on appeal.

Debtor argues his notice of appeal can be considered a motion for extension of time to appeal which was timely under Bankruptcy Rule 8002(c)(2). He urges that his failure to file a timely appeal is the result of excusable neglect. Debtor asserts his notice of appeal was filed within reasonable limits and within the 20-day period allowed in Rule 8002(c)(2).

Defendants assert the deadline to file a notice of appeal was April 30, 2001. They question whether the notice of appeal can be considered a timely motion for request for extension of time under Rule 8002(c)(2). If the Court accepts it as such, Defendants argue Debtor has failed to prove excusable neglect under the Rules.

### CONCLUSIONS OF LAW

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within 10 days of the date of the entry of the order appealed. In general, a party's failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court or bankruptcy appellate panel of jurisdiction to review the order. *Veltman v. Whetzal,* 93 F.3d 517, 520 (8th Cir .1996). The time limit for filing a notice of appeal is mandatory and jurisdictional. *In re Danzig,* 233 B.R. 85, 91 (B.A.P. 8th Cir.1999), *aff'd* 217 F.3d 620 (8th Cir.2000).

Rule 8002(c) allows a party to request an extension of the time for filing a notice of appeal up to 20 days after the initial 10 day deadline for filing the notice. Fed.R.Bankr.P. 8002(c)(2). Such request for extension must be made by written motion and may be granted upon a showing of excusable neglect. *Id.* Generally, courts refuse to treat a late notice of appeal as a motion for extension of time to file a notice of appeal. *In re Williams,* 216 F.3d 1295, 1297 (11th Cir.2000). Strictly construing Rule 8002, a notice of appeal itself is not a request for extension which must be made by motion. *In re Dow Corning Corp.,* 255 B.R. 445, 465 (E.D.Mich.2000). A motion for extension is needed above and beyond the late-filed notice of appeal. *In re R.H. Macy & Co.,* 173 B.R. 301, 302 (S.D.N.Y.1994).

*2 A party's pro se status does not exempt it from complying with the rules. *Dow Corning,* 255 B.R. at 466. The Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

**EXHIBIT**

**4**

mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (distinguishing pro se prisoner appeals). In *In re Furst*, 206 B.R. 979, 981 (B.A.P. 10th Cir.1997), the court stated that although the appealing party did not have advice of counsel, the party was not relieved from the responsibility to follow the rules setting out the deadline for filing a notice of appeal. This is the risk a party assumes when it opts to proceed pro se. *Id*.

Even if this Court were to treat Debtor's untimely notice of appeal as a timely motion for extension of time to file a notice of appeal, Debtor must convince the Court that his failure to abide by the 10 day deadline was the result of excusable neglect. *In re Food Barn Stores, Inc.*, 214 B.R. 197, 200 (B.A.P. 8th Cir.1997). In such circumstances, courts apply the factors set out by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). *See In re Van Houweling,* 258 B.R. 173, 176 (B.A.P. 8th Cir.2001) (applying *Pioneer* factors to consider excusable neglect under Rule 8002(c)).

> The determination of what sorts of neglect will be considered excusable is an equitable determination, taking account of all relevant circumstances including:
> 1. danger of prejudice to the debtor,
> 2. the length of the delay and its potential impact on judicial proceedings,
> 3. the reason for the delay, including whether it was within the reasonable control of the movant, and
> 4. whether the movant acted in good faith.

*Van Houweling*, 258 B.R. at 176, citing *Pioneer*, 507 U.S. at 395. These four factors are not equal in weight; the excuse given for the late filing must have the greatest import. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460 (8th Cir.), *cert. denied*, 121 S.Ct. 309 (2000).

Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. *In re HML II, Inc.*, 234 B.R. 67, 72 (B.A.P. 6th Cir.1999) (refusing to excuse lawyer's application of Civil Rules of Procedure, rather than Bankruptcy Rules). In *Food Barn,* an attorney made a mistake in calculating the appeal period, applying Rule 6(a) rather than Bankruptcy Rule 9006(a). 214 B.R. at 199. The court concluded this ignorance or misreading of the rules is not excusable neglect. *Id* . at 200. The appellant was responsible for reviewing the rules and ascertaining the correct date. *Id.; see also In re Henry Bros. Partnership*, 214 B.R. 192, 196 (B.A.P. 8th Cir.1997) (stating party has the independent obligation to monitor the developments of a case to determine the appeal deadline).

Debtor failed to file his Notice of Appeal within the 10-day period set out in Rule 8002(a). Thus, the district court or bankruptcy appellate panel is without jurisdiction to consider the appeal. The Court declines to interpret the notice of appeal as a motion for extension of time to appeal under Rule 8002(c)(2). Even if it did, the Court concludes Debtor has failed to demonstrate his failure to file a timely notice of appeal is the result of excusable neglect.

*3 Although Debtor was not represented by counsel in filing his appeal, he had the responsibility to ascertain the deadline for the appeal period. As evidenced by Debtor's astute interpretation of Rule 8002(c) at the hearing, he is obviously capable of understanding the requirements of the Bankruptcy Rules regarding appeals. Debtor assumed the risk of overshooting the appeal deadline when he decided to proceed pro se without familiarizing himself with the Rules in time to file a timely notice of appeal.

Debtor's neglect of the appeal deadline is not excusable under the standards set out in *Pioneer*. Ignorance of the deadline for appeals is not a ground for finding excusable neglect. Based on the Court's ruling in this case and the legal standards for finding undue hardship for student loan discharge, it is this Court's opinion that Debtor's chances for success on appeal are remote. There is little prejudice to Debtor in dismissing this appeal for untimeliness. Although Debtor missed the deadline for filing the notice of appeal by less than two weeks, finality is important to Defendants. As they pointed out, student loans such as Debtor's are regularly sold on a secondary market and final dispositions on dischargeability are important to repurchase agreements. Debtor was solely in control of the time for filing his notice of appeal and was not mislead or misinformed at any stage. It was his duty to inform himself of the appeal deadline and his failure to timely do so is not excusable.

WHEREFORE, Defendants' Motion to Dismiss Plaintiff's Appeal as Untimely is GRANTED.

FURTHER, Debtor's Notice of Appeal is untimely and this appeal is DISMISSED.

SO ORDERED this 12 day of June, 2001.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

173 B.R. 301
(Cite as: 173 B.R. 301)
<KeyCite Citations>
United States District Court,
S.D. New York.

In re R.H. MACY & CO., INC., et al., Debtors.
Patrick SELLITTI, Appellant,
v.
R.H. MACY & CO., INC., and Macy's Northeast,
Inc., Appellees.
R.H. MACY & CO., INC., and Macy's Northeast,
Inc., Movants,
v.
Patrick SELLITTI, Respondent.

No. 94 Civ. 1223 (JES).

Oct. 20, 1994.

Following denial in the Bankruptcy Court of creditor's request for leave to file late proof of claim in Chapter 11 case, creditor appealed. On motion to dismiss appeal on grounds that notice of appeal was untimely, the District Court, Sprizzo, J., held that creditor's untimely filing of notice of appeal could not be treated as application for extension of time to file appeal.

Motion granted.

West Headnotes

Bankruptcy k3775
51k3775

Creditor's untimely filing of notice of appeal of bankruptcy order three days after time prescribed for filing of appeal could not be treated as application for extension of time to file appeal, where separate motion for extension of time for filing notice of appeal had to be made in bankruptcy court in order to receive an extension. F.R.A.P.Rule 4(a)(5), 28 U.S.C.A.; Fed.Rules Bankr.Proc.Rule 8002(a, c), 11 U.S.C.A.
*301 Weil, Gotschal & Manges, New York City (Judy G.Z. Liu, of counsel), for movants.

Bosco, Bisignano & Mascolo, Staten Island, NY (Anthony Bisignano, of counsel), for respondent.

MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Appellees R.H. Macy & Co., Inc., and Macy's Northeast, Inc., ("Appellees" or "Macy's") move to dismiss the above-captioned appeal on the ground that the filing of the notice of appeal was untimely. For the reasons that follow, that motion is granted.

BACKGROUND

By Order dated December 2, 1993, the United States Bankruptcy Court for the Southern District of New York denied the motions of certain Macy's creditors including appellant Patrick Sellitti ("Sellitti") and Keith Falzon ("Falzon"), each of whom had requested leave to file a late proof of claim in the Macy's Chapter 11 cases and to have such claim deemed timely filed. See Affidavit of Judy G.Z. Liu dated March 10, 1994 ("Liu Aff."), Ex. B. On December 10, 1993, Falzon filed a timely notice of appeal from that Order. See Liu Aff., Ex. C. Thereafter, on December 23, 1993, Sellitti filed a notice of appeal from the same Order.

On March 11, 1994, Macy's filed a motion to dismiss Sellitti's appeal on the ground that the notice of appeal was untimely. In response to the motion, Sellitti filed a memorandum of law in opposition to the motion to dismiss and a request to treat the notice of appeal as a request to extend time for filing the notice of appeal.

DISCUSSION

Under Fed.R.Bankr.P. 8002(a), in order to file a timely appeal, an appellant must file a notice of appeal within ten days of the date of entry of the order to be appealed. If, however, a "timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed." See Fed.R.Bankr.P. 8002(a). "Failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir.1985).

*302 Here, since Falzon filed his notice of appeal on December 10, 1993, within the ten-day period following entry of the bankruptcy court Order on

EXHIBIT

5

December 2, 1993, Fed.R.Bankr.P. 8002(a) afforded Sellitti ten days from that date, until December 20, 1993, within which to file his notice of appeal. However, since Sellitti did not file his notice of appeal until December 23, 1993, three days after the time prescribed by the rules, his notice of appeal was untimely.

Moreover, Sellitti's reliance on *Stirling v. Chemical Bank*, 511 F.2d 1030   (2d Cir.1975), for the proposition that this Court may treat his late filed notice of appeal as an application for extension to this Court is misplaced. In *Stirling*, the Second Circuit held that a late-filed notice of appeal from an order of the district court could be deemed a motion before the Court of Appeals for an extension of time to file the appeal.   *See id.* at 1032. However, subsequent to the *Stirling* decision, Fed.R.App.P. 4(a)(5), on which *Stirling* was based, was amended. [FN1]   *See Campos v. LeFevre*, 825 F.2d 671 (2d Cir.1987).   In view of that amendment, the Second Circuit will no longer treat a late-filed notice of appeal as a motion for an extension of time to file such notice. *Id.* Indeed, the Second Circuit has held that "there is only one way to obtain an extension of time, and that is to file a motion above and beyond the notice of appeal." *Id.* at 675.   That being so, this Court may likewise no longer deem a late-filed notice of appeal to be an application for an extension of time to file that notice of appeal.   This is especially true since the bankruptcy rules specifically provide that an application for an extension of time to file an appeal must be made to the bankruptcy court. Bankruptcy Rule 8002(c) provides, in pertinent part:

> FN1. Federal Rules of Appellate Procedure 4(a)(5) provides, in pertinent part:   "The district court, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

> *"Extension of Time for Appeal.*   The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule.   A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more that 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...."

*See* Fed.R.Bankr.P. 8002(c).   Sellitti made no such application to the bankruptcy court.   Accordingly, Macy's motion to dismiss the appeal must be granted.

## CONCLUSION

For the reasons stated above, appellees' motion to dismiss the appeal shall be and hereby is granted. The Clerk of Court is directed to close the above-captioned action.

It is SO ORDERED.

END OF DOCUMENT

STATE OF TEXAS     )

                        :

COUNTY OF BEXAR   )

## AFFIDAVIT

Before me, the undersigned Notary Public, on this day personally appeared

Richard J. Reynolds, III, who is personally known to me, and first duly being sworn upon

his oath deposed and said:

"My name is Richard J. Reynolds, III. I am over 21 years of age, have never been convicted of a crime involving moral turpitude, and I am fully competent to make this affidavit. The facts stated in the foregoing motion and response are within my personal knowledge and are true and correct.

I am an attorney duly licensed to practice in the State of Texas and in this Court. I represented Long, Chilton, Payte, and Hardin L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte, and Hardin L.L.P., in the underlying bankruptcy case and I represent the same parties in this Court. I have reviewed and I am familiar with the docket of the Bankruptcy Court in the underlying bankruptcy proceeding; and I have reviewed and I am familiar with the docket of this case on appeal in this Court.

Exhibits 1, 2, and 3 to the foregoing Motion are true and correct copies of the respective originals thereof.

The Bankruptcy Court in the underlying bankruptcy proceeding has never signed nor entered an order granting an extension of time within which Roberto Lozano could file a notice of appeal from the order denying motion for new trial and to alter and amend judgment; nor has



**EXHIBIT**

**6**

Roberto Lozano filed a motion for extension of time in the Bankruptcy Court within which to do so.

Further, Affiant sayeth not."

RICHARD J. REYNOLDS, III

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this 18th day of September, 2001.

Notary Public, State of Texas

Melissa C Johnson
Notary's Printed Name

My Commission Expires: 8/10/03

MELISSA C. JOHNSON
Notary Public, State of Texas
My Commission Expires 8-10-2003

2